[No. 33989. Department Two. March 28, 1957.]

KATHLEEN F. JOHNSON, *Appellant*, v. WARREN P. JOHNSON, *Respondent and Cross-appellant.*[1]

*Robert Alpaugh* and *Orly J. Sorrel*, for appellant.

*Melvin T. Swanson*, for respondent and cross-appellant.

MALLERY, J.—The parties were married in Seattle on February 15, 1946. At the trial of the divorce action, their son, Michael, was about seven years old. The court gave the custody of the child to the father, with whom he had been temporarily living, until August, 1957, at which time cus-

[1] Reported in 308 P. (2d) 967.

tody would automatically change to the mother, who would then have an award for child support.

Both parties appeal. The appellant mother's appeal is directed solely to the deferral of custody until August, 1957, and the cross-appellant father's to the custody thereafter.

At the close of the trial, the court, in its oral decision, commented upon appellant's manner of answering questions and her demeanor upon the witness stand. It specifically pointed out that appellant had been confused on the witness stand; that, in response to questions, she would try to tell the case in one answer and, in fact, one of her answers was about one-half hour in length; and that the court in its experience had never seen a witness talk so rapidly. From this and her demeanor, it found she was highly nervous and high-strung. The court stated that there had not been any conduct on her part of the type that would render her unfit to have custody of the child, and said:

"I feel that she is a highly nervous person and that probably in a little more time she will have a good deal better control of herself."

After the oral decision of the court, appellant made a motion to reopen for the purpose of taking expert medical testimony as to her condition. The motion was not entertained.

In support of a renewal of the motion to reopen, appellant offered the affidavit of Dr. Stolzheise, a psychiatrist, to the general effect that appellant was competent to sustain a good mother role and that she has never suffered from any illness which would impair her ability to function adequately as a mother.

The appellant assigns as error the court's denial of her motion to reopen for the taking of medical testimony as to her nervous condition, and seeks a new trial therefor.

The rule that the trial court may determine the *credibility* of a witness *exclusively* from his or her demeanor on the witness stand, does not apply to the medical question of nervousness. It, unlike credibility, falls in the realm of expert opinion. However useful the court's own observations

may be upon such a question, medical testimony is also competent and considerably more reviewable upon appeal.

The appellant was taken by surprise when the court indicated its decree would be predicated upon appellant's nervous condition as revealed by her demeanor on the witness stand. We think the trial court abused its discretion in refusing to reopen under such circumstances.

The judgment is reversed, and the cause remanded for a new trial. The request for an interim order as to temporary custody of the child is denied. The trial court's order as to custody will remain in effect pending the new trial. All costs will abide the final result of the action.

HILL, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.